Lois G. Stuart, Appellant, v. Albert Twining and Roy Twining, Defendants, and W. H. Vint, Claimant.

**Liens:** PRIORITY: *Landlord's and lien for wages.* Code, section 2992, gives landlords a lien for rent on all crops grown on the leased premises. Section 4019 provides that, when the property of any person shall be seized on any process of any court, the debts owing employes for labor performed within 90 days preceding the seizure, to an amount not exceeding $100, shall be preferred debts, and paid in full. Section 4022 gives the liens of employes for wages priority over all claims against or liens on such property, except prior mechanics' liens for labor in opening and developing coal mines, as allowed by law. *Held,* in attachment proceedings by a landlord against his tenant, that the lien of the tenant's employe on the crops, for wages, was superior to that of the landlord.

STATEMENT OF CLAIM. Under Code, section 4020, providing that an employe desiring to enforce his claim for wages at any time after the seizure of the property of his employer under execution or writ of attachment, and before sale thereof is ordered, shall present to the officer levying on such property, or to the court having custody of such property, or from which such process issued a statement under oath, etc., where a writ of attachment was issued against crops of a tenant, a statement of claim by an employe for wages, filed with the clerk of the court from which the attachment issued, was a sufficient compliance with the law.

*Appeal from Audubon District Court.*—Hon. N. W. Macy Judge.

Friday, October 12, 1900.

THE plaintiff leased to the defendants his farm for one year from March 1, 1898, and the rent not having been paid, began suit therefor October 12, 1898, aided by a landlord's writ of attachment, which was levied on the crops grown thereon. On October 28th, W. H. Vint filed his sworn statement with the clerk of the court, to the effect that he had worked for the defendants on the farm from February 26th to October 10th of that year at the agreed price of $18 per month, and that there was then due him therefor the sum of $94, which he asked to be established as a lien on the attached property superior to that of the plaintiff. On hearing, objections thereto were over-ruled, and payment of $54 out of the proceeds of the attached property ordered paid to the claimant. The plaintiff appeals.—*Affirmed.*

*Nash, Phelps & Mosier* for appellants.

*Geo. W. Cosson* and *Joe H. Ross* for appellees.

LADD, J.—The claim of Vint was for wages earned in labor on the farm within 90 days previous to the levy of the writ of attachment. It was filed with the clerk, and it is said the statement should have been presented to the sheriff. Section 4020 of the Code requires that the employe "shall present to the officer levying on such property, or to such receiver, trustee or assignee, or to the court having the custody of such property or from which such process issued," the statement of his claim. Here the process, *i. e.* the writ of attachment, issued out of the district court of Audubon county, the statement was presented to that court by filing with the clerk, and the statute thereby literally complied with. That inconvenience might result in supposed situations does not furnish adequate reason for departing from the plain language of the law.

II. But is the lien for wages, in such a case, superior to that for rent? The landlord has a "lien for his rent

upon all crops grown upon the leased premises and upon any other personal property of the tenant which has been used or kept thereon during the term and not exempt from execution." Code, section 2992. Section 4019 of the Code provides that, "when the property of any person shall be seized upon by any process of any court, * * * the debts owing the employes for labor performed within 90 days next preceding the seizure, * * * to an amount not exceeding $100 to each person, shall be a preferred debt and paid in full." Were this all, there might be some ground for saying the statutes are in conflict. That matter is disposed of by section 4022: "Claims of employes for labor, if not contested, or if allowed after contest, shall have priority over all claims against or liens upon such property, except prior mechanics' liens for labor in opening and developing coal mines as allowed by law." The legislature has, in plain and unambiguous language, made the claims for labor superior to the landlord's lien, so that there is no room for construction. This is in accord with the ruling in *Reynolds v. Black,* 91 Iowa, 1, and *St. Paul Title Ins. & Trust Co. v. Diagonal Coal Co.,* 95 Iowa, 551. Notwithstanding exceptional situations, suggested by appellant we deem these statutes, protecting the wage-earner, who usually contributes to preserve, enhance, or create the property seized, just and equitable, and they should receive a fair and liberal interpretation. *Reynolds v. Black, supra; Bass v. Doerman,* 112 Ind. Sup. 390 (14 N. E. Rep. 377); *Bank v. Black,* 129 Ind. Sup. 539 (29 N. E. Rep. 396). But for them, because of the comparatively small amount owing each laborer and his financial inability to protect this in litigation, he would be without any practicable remedy. —AFFIRMED.

GRANGER, C. J., not sitting.